IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA

v.

KRYSTAL PERRY,
a/k/a "Yasha"

2:13cr 20204-1 STA/tmp

**CRIMINAL COMPLAINT**

CASE NO: CR-TMP-6-20-2013-jts-2

I, <u>Anthony Householder</u>, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about the date of 6/20/2013 in the county of Shelby in the Western District of Tennessee, the defendant violated 18 U.S.C. § 1591(b)(1), an offense described as follows: **Child Sex Trafficking**

I further state that I am a Special Agent with Federal Bureau of Investigation and that this complaint is based on the following facts:

(SEE AFFIDAVIT OF ANTHONY HOUSEHOLDER, WHICH IS ATTACHED HERETO AND FULLY INCORPORATED HEREIN BY REFERENCE)

Continued on the attached sheet and made a part hereof __X__ Yes ___ No

_Anthony Householder_
**Anthony Householder**
**Complainant**

Page 1 of 8

Pursuant to Federal Rule of Criminal Procedure 4.1, the undersigned judicial officer has on this date considered information communicated by [ ] telephone or [✓] other reliable electronic means or [ ] both, in reviewing a complaint and/or deciding whether to issue a warrant or summons. In doing so, this judicial officer has placed the affiant under oath and has confirmed by speaking personally with the affiant on the telephone [✓] that the signatures on the complaint and affidavit are those of the affiant or [ ] that the affiant has authorized the placement of the affiant's signatures on the complaint and affidavit, the documents received by the judicial officer are a correct and complete copy of the documents submitted by the affiant, and the information contained in the complaint and affidavit are true and correct to the best of the affiant's knowledge.

Sworn to and subscribed before me by telephone this 20 day of June, 2013.

/Tu M. Pham
**TU M. PHAM**
**United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA

v.

KRYSTAL PERRY
a/k/a "Yasha"

2:13cr 20204 -1 STA/tmp

**AFFIDAVIT**

I, Anthony Householder, being duly sworn state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since July 15, 2012. I am currently assigned to the FBI Field Office in Memphis, Tennessee. I have received extensive training in criminal investigations and received additional training in investigating and prosecuting human trafficking and sexual exploitation of minors.

2. Your Affiant is conducting an investigation into certain activities of the subjects, Derrick Eddins, a/k/a "Pimp Jay," and Krystal Perry, a/k/a "Yasha," in violation of Title 18, United States Code, Section 1591, Sex Trafficking of Children or by Force, Fraud or Coercion; and Title 18, United States Code, Section 1594, subsection c, Conspiracy to Commit Sex Trafficking of Children or by Force, Fraud or Coercion.

3. The following information was obtained through observations and conversations of your Affiant personally, through the assistance of other law enforcement agents and agencies, including their reports, and through other sources specifically named in this affidavit. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that

Page 3 of 8

I believe are necessary to establish probable cause to believe that evidence of violations of Title 18, U.S.C. Sections 1591 and 1594 will be located as described in Attachment A, and that that evidence will be in the form of the items listed in Attachment B, both attachments hereby being incorporated by reference as if fully set forth herein.

4. On April 24, 2013, FBI Memphis received information from the Memphis Police Department ("MPD"), Sex Crimes Division, a female juvenile runaway, 16 years of age, hereafter referred to as Juvenile 1, had been located and detained by MPD. MPD provided information indicating Juvenile 1 had been prostituted while she was a runaway. Your Affiant conducted an interview with Juvenile 1 at her residence on April 24, 2013, and Juvenile 1 indicated she had run away from home in early April 2013 and during that time she had been prostituted by Derrick Eddins, a/k/a "Pimp Jay," and Krystal Perry, a/k/a "Yasha." Juvenile 1 stated she had met and communicated with Perry on Mocospace, a social networking website.

5. According to Juvenile 1, after she ran away she stayed with Eddins at his mother's house in Hickory Hill. Eddins had Perry take provocative photos of Juvenile 1 and then Perry posted those photos to Backpage.com using her existing account. Eddins and Perry took Juvenile 1 to the Deluxe Inn on Lamar Avenue in Memphis, Tennessee to prostitute with clients who responded to the Backpage.com advertisement Perry had posted. Eddins told Juvenile 1 she would have to make $300 a day before she could stop seeing clients on that day. Eddins told Juvenile 1 to charge clients for sex based on time; $65 for a half hour, $95 for an hour and $135 for an hour and a half. Juvenile 1 could not

Page **4** of **8**

remember how many clients she had sex with while she was at the two hotel locations, but she indicated she always met the $300 a day quota. Eddins collected all of the money Juvenile 1 made fromm prostituting without providing her with any money or food. Eddins struck Juvenile 1 when he thought she was hiding money or when she was disrespectful towards him.

6. Prison records reveal that Derrick Eddins identified his mother as Mary Eddins. Tax assessor records show Mary Eddins' residence as 5768 Jardin Place in Memphis, Tennessee. Motor vehicle records also identify 5768 Jardin Place in Memphis, Tennessee as Eddins' residence. Surveillance of the house at various times over the last month has shown Eddins' vehicle consistently parked at the house and Eddins entering the house.

7. Eddins was aware Juvenile 1 was underage, so he gave her a false identification in case she was stopped by the police. Juvenile 1 gave consent to FBI Memphis to search her cellular telephone. During the search, FBI Memphis identified a phone number that Juvenile 1 affirmed was the number she used to communicate with Eddins. The number is (901) 949-8183. Text messages found on Juvenile 1's cell phone, some of which are recounted in the below paragraphs, corroborate that she had worked as a prostitute for Eddins and further confirms he was aware of her age. Subscriber records confirmed that (901) 949-8183 is Derrick Eddins' phone number.

8. Additionally, FBI Memphis examined Juvenile 1's phone and found (901) 281-9111 as the phone number listed for Krystal. Juvenile 1 affirmed that this was the number she used to communicate with Perry. Subscriber records confirmed that (901) 281-9111 is Krystal Perry's phone number. Text messages between

Page 5 of 8

Perry and Juvenile 1 revealed that Juvenile 1 initially made contact with Perry before she began prostituting for Eddins.

9. In a text message on April 19, 2013, Juvenile 1 writes, "OKAY LOOK HERE I'M 16 MARCH 6 97 BASICALLY CONSIDERED A RUNAWAY I BEEN HOEIN OUT OF 4 STATES 3 YEARS 3 DIFFERENT PIMPS ONE IN MEMPHIS TEXAS MIAMI." Eddins responded, "Digg dat im glad u told me yo Situation Ima take care everything dat need to be done Just let me kno were u at cuz I'm not wit all dis textin shit."

10. After Eddins was made aware of Juvenile 1's age, he wrote on April 22, 2013, "It don't work like dat hoe you not finna E's yo way inn Pay a PIMP FIRST den I gotcha."

11. On April 26, 2013, FBI Memphis served an administrative subpoena on Backpage.com requesting all records and advertisements associated with Juvenile 1, Eddins, or Perry. FBI Memphis received the results of a subpoena that same day. Backpage.com provided a copy of a posted advertisement containing pictures of Juvenile 1. In addition, a number of Backpage advertisements containing pictures of Perry and her phone number were also provided. Escort advertisements containing pictures of provocatively dressed women with Eddins' phone number contained in the advertisement were also provided by Backpage.com in response to the subpoena.

12. According to the mother of Juvenile 1, Juvenile 1 ran away from home on Friday, June 14, 2013. On Sunday, June 16, 2013, an advertisement was posted to Backpage.com featuring provocative photographs of Juvenile 1. An

administrative subpoena was served on Backpage.com on Tuesday, June 18, 2013, and a response was received the same day. The ad was posted with pictures of Juvenile 1 and contained Perry's number as the contact for responses to the advertisement.

13. A subsequent Backpage.com advertisement was posted on Tuesday, June 18, 2013, containing photos of Juvenile 1 and Perry. The advertisement was offering two girls. That advertisement also contained Perry's phone number as the contact for the advertisement.

14. Utilizing surveillance gathered from a pole camera observing 5768 Jardin Place, Memphis, Tennessee, the residence utilized by Eddins and Perry, provided visual confirmation that someone matching Juvenile 1's description arrived at the home on June 15, 2013. Surveillance video captured by the pole camera during the timeframe of June 14, 2013 through June 20, 2013, indicates that adult males and provocatively dressed women frequent the house.

15. Juvenile 1 stated in her initial interview on April 24, 2013, that Perry prostituted from the house.

Based upon the above, your Affiant is requesting issuance of a warrant for the arrest of Krystal Perry.

_____
Anthony Householder,
Affiant

Pursuant to Federal Rule of Criminal Procedure 4.1, the undersigned judicial officer has on this date considered information communicated by [ ] telephone or [✓] other reliable electronic means or [ ] both, in reviewing a complaint and/or deciding whether to issue a warrant or summons. In doing so, this judicial officer has placed the affiant under oath and has confirmed by speaking personally with the affiant on the telephone [✓] that the signatures on the complaint and affidavit are those of the affiant or [ ] that the affiant has authorized the placement of the affiant's signatures on the complaint and affidavit, the documents received by the judicial officer are a correct and complete copy of the documents submitted by the affiant, and the information contained in the complaint and affidavit are true and correct to the best of the affiant's knowledge.

Sworn to and subscribed before me by telephone this __20__ day of __June__, 20__13__

s/Tu M. Pham
**TU M. PHAM**
**United States Magistrate Judge**