IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 3/17/14
TIME: 9:20 Am
INITIALS: JPW

UNITED STATES OF AMERICA, )
)
Plaintiff, )
vs. )
) Criminal No: 13-CR-20203
)
KRYSTAL PERRY, )
)
Defendant. )

## PLEA AGREEMENT

The following constitutes the Plea Agreement reached between the United States, represented by Edward L. Stanton III, United States Attorney for the Western District of Tennessee, and Lawrence J. Laurenzi, Assistant United States Attorney, and the defendant **Krystal Perry,** represented by Tyrone Paylor, Assistant Federal Defender. This plea agreement constitutes the entire agreement between the parties. The parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules, and case law.

**The full and complete plea is as follows:**

1. **Krystal Perry** agrees that she will enter a voluntary plea of guilty to count 2 of the indictment. Count 2 charges a violation of 18 U.S.C. § 1594(c), that is, Conspiracy to engage in sex trafficking. This charge of conspiracy to engage in sex trafficking carries a maximum penalty of not more than life, not more than $250,000.00, or both, plus a period of supervised release, and a special assessment of $100.00.

2. The United States agrees to dismiss any remaining counts of the indictment against the defendant at the appropriate time.

3. Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose **Krystal Perry** receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1. Provided the Defendant's Guideline Range provides for an additional one point reduction, the United States agrees to move for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

**Krystal Perry** understands that if the United States receives information between the signing of this agreement and the time of the sentencing that she has previously engaged in, or if she engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, these positions could change. Further, **Krystal Perry** understands that whether or not acceptance of responsibility credit pursuant to § 3E1.1 is granted is a matter to be determined by the District Court. Failure of the District Court to grant acceptance of responsibility credit is not a basis for **Krystal Perry** to withdraw her guilty plea.

4. **Krystal Perry** and the **United States** agree that **Krystal Perry's** base offense level under the United States Sentencing Guidelines should be calculated under Section 2G1.3(a)(4), as the defendant is entering a plea to a conspiracy to violate 18 U.S.C. § 1591(a)(1) and 1591(b)(2). The parties further agree that any cross reference contained in U.S.S.G. 2G1.3(c) does not apply as the facts of the matter do not support any cross references.

5. **Krystal Perry** has indicated her desire to cooperate with the United States in the investigation and prosecution of others. The United States agrees to consider making a

motion pursuant to U.S.S.G. § 5K1.1 on behalf of **Krystal Perry** at the time of her sentencing. **Krystal Perry** understands that the only promise being made is to consider a motion pursuant to § 5K1.1. This is not a promise to make such a motion. The decision whether to make a motion pursuant to § 5K1.1 is within the sole discretion of the United States. Moreover, the decision whether or not to make such a motion will be made only after it has been determined that **Krystal Perry** has given complete and truthful cooperation and/or testimony in the matters under investigation and prosecution. **Krystal Perry** understands that if her testimony is anything but complete, truthful, and candid, the United States will make the sentencing court aware of this will seek enhancement of her sentence based upon any lack of candor or truthfulness, and further will prosecute **Krystal Perry** for any crimes that might be provable. **Krystal Perry** also understands that any new criminal activity would be another reason not to make such a motion.

6. **Krystal Perry** knowingly, intelligently and voluntarily waives any rights to an appeal of her conviction or sentence in this case if a motion for a downward departure as described in the preceding paragraph is filed and granted and her sentence is reduced. The defendant further understands that 18 U.S.C. § 3742 gives her the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives her right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence imposed does not exceed the statutory maximum; a motion for a downward departure and/or variance is filed or made orally, granted and her sentence is reduced; and the Court does not depart or vary above the applicable guideline range as determined by the Court at the sentence hearing. This waiver is made in exchange for the concessions

made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and/or ineffective assistance of counsel.

7.  **Krystal Perry** understands and agrees that the special assessment of $100.00 is due and payable to the United States District Court Clerk's office immediately following the defendant's sentencing.

8.  **Krystal Perry** agrees that this plea agreement constitutes the entire agreement between herself and the United States and that no threats have been made to induce her to plead guilty. No additional promises, representations or inducements other than those referenced in this Plea Agreement have been made to the defendant or to the defendant's attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties.

9.  By signing this document, **Krystal Perry** acknowledges that she has read this agreement, has discussed it with her attorney and understands it.

FOR THE UNITED STATES:

EDWARD L. STANTON III
UNITED STATES ATTORNEY

_____   Date: 3/17/14
LAWRENCE J. LAURENZI
Assistant United States Attorney

_____   Date: 3/17/14
KRYSTAL PERRY
Defendant

_____   Date: 3-17-2014
TYRONE PAYLOR
Assistant Federal Defender