**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

FILED IN OPEN COURT

DATE: 5|15|14

TIME: 10: 10 AM

INITIALS: JPW

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) |
| | ) Criminal No: 13-CR-20203 |
| | ) |
| **DERRICK EDDINS,** | ) |
| | ) |
| **Defendant.** | ) |

---

## PLEA AGREEMENT

---

The following constitutes the Plea Agreement reached between the United States, represented by Edward L. Stanton III, United States Attorney for the Western District of Tennessee, and Lawrence J. Laurenzi, Assistant United States Attorney, and the defendant **Derrick Eddins,** represented by Howard Manis, Attorney at Law. This plea agreement constitutes the entire agreement between the parties. The parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules, and case law.

**The full and complete plea is as follows:**

1. **Derrick Eddins** agrees that he will enter a voluntary plea of guilty to count 2 and 3 of the indictment. Count 2 charges a violation of 18 U.S.C. § 1594(c), that is, "Conspiracy to Engage in Sex Trafficking". The charge of "Conspiracy to Engage in Sex Trafficking" carries a maximum penalty of not more than life imprisonment, a fine of not

1

more than $250,000.00, or both, plus a period of supervised release, and a special assessment of $100.00.  Count three charges a violation of 18 U.S.C. § 922(g), that is, "Felon in Possession of a Firearm".  This offense carries a maximum penalty of not more than 10 years imprisonment, a fine of not more than $250,000.00, a period of supervised release, and a special assessment of $100.00.

2.      The United States agrees to dismiss the remaining count of the indictment against the defendant at the appropriate time.

3.      Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose **Derrick Eddins** receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1.  Provided the Defendant's Guideline Range provides for an additional one point reduction, the United States agrees to move for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

**Derrick Eddins** understands that if the United States receives information between the signing of this agreement and the time of the sentencing that he has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, these positions could change.  Further, **Derrick Eddins** understands that whether or not acceptance of responsibility credit pursuant to § 3E1.1 is granted is a matter to be determined by the District Court.  Failure of the District Court to grant acceptance of responsibility credit is not a basis for **Derrick Eddins** to withdraw his guilty plea.  The parties further agree that any cross reference contained in U.S.S.G. 2G1.3(c) does not apply.

2

4.     **Derrick Eddins** and the **United States** agree that the offense was not effected by means of force, threats of force, fraud, or coercion.  The parties further agree that any cross reference contained in U.S.S.G. 2G1.3(c) does not apply.

5.     **Derrick Eddins** consents, as part of his sentence, to the criminal forfeiture of four thousand seven hundred and twenty five dollars ($4,725) in United States currency, which was seized from his person at the time of his arrest. He warrants that he is the sole owner of this property, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with its seizure. **Derrick Eddins** agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

6.     **Derrick Eddins** understands and agrees that the special assessment of $100.00 is due and payable to the United States District Court Clerk's office immediately following the defendant's sentencing.

7.     **Derrick Eddins** agrees that this plea agreement constitutes the entire agreement between himself and the United States and that no threats have been made to induce him to plead guilty.  No additional promises, representations or inducements other than those referenced in this Plea Agreement have been made to **Derrick Eddins** or to his attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

8.     By signing this document, **Derrick Eddins** acknowledges that he has read this
agreement, has discussed it with ~~her~~ his attorney and understands it.



3

FOR THE UNITED STATES:

EDWARD L. STANTON III
UNITED STATES ATTORNEY

LAWRENCE J. LAURENZI
Assistant United States Attorney

Date: 5-15-14

DERRICK EDDINS
Defendant

Date: 5-15-14

HOWARD MANIS
Defense Counsel

Date: 5-15-14

4