IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Cr. No.  13-20203-JPM

KRYSTAL PERRY,

    Defendant.

---

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

---

COMES NOW the defendant Krystal Perry, by and through her counsel, Tyrone J. Paylor and submits her position with respect to the sentencing factors pursuant to *§6A1.2 of the United States Sentencing Guidelines Manual (effective 2013)*.

The defendant and counsel have reviewed and discussed the Presentence Investigation Report (PSR) and the addendums together.

The defense believes that the sentence hearing will require no longer than two (2) hours to complete.

**FACTUAL OBJECTIONS**

Ms. Perry has objects to being characterized as a "recruiter" for Mr. Eddins.

Ms. Perry further supplements the facts contained in the presentence report by informing the Court that she never witnessed or was aware of Mr. Eddins hitting L.W., grabbing her face or threatening her.  Furthermore, Ms. Perry informs the Court that L.W. appeared to have been using cocaine before she met her.  Due to Ms. Perry's past experiences with controlled substances, specifically cocaine, and L.W's desire for drugs, she refused to continue to deal with L.W.  While

she was aware of L.W's drug use, she was not aware of or in agreement with Mr. Eddins providing controlled substances to L.W. for any purpose, if he did provide any to her.  She was not aware of Mr. Eddins providing L.W. with a false identification either.  Ms. Perry informs the Court that L.W. utilized other sources to obtain cocaine and other things that she desired and left their company to do so in April of 2013.  Ms. Perry submits to the Court that she would personally buy food and share her food with L.W. and never depraved L.W. of food.

### GUIDELINE CALCULATIONS

Ms. Perry objects to paragraph 23, 24, and 27 of the PSR with regard to the guideline calculations.

With regards to paragraph 23, the defendant submits that the appropriate base offense level is found at USSG §2G1.3(4).  Sections 2G1.3(1)-(2) specifically reference convictions under 18 U.S.C. §§ 1591(b)(1) or 1591(b)(2) respectively.  *USSG § 2G1.3(1)-(2)*.  The defendant was convicted of 18 U.S.C. § 1594( c) which is the conspiracy statute.  The guidelines referencing the convictions pursuant to 18 U.S.C. §§ 1591(b)(1) or 1591(b)(2) were implemented in response to Congress' implementation of the mandatory minimums sentences in 2006.  Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109-248, § 208 (2006);  *see also* 18 U.S.C § 1591. Congressional and Presidential commentary accompanying the law lauded it for "impos[ing[ tough mandatory minimum penalties...." Statement by President George W. Bush Upon Signing the Adam Walsh Child Protection and Safety Act of 2006, 2006 WL 3064689 (2006); *see also* 152 Cong. Rec. S8012-02 (Senator  Kennedy criticizing the law's "new mandatory minimum sentences;" Senator Kornyn praising the law's mandatory minimum sentences). Because a conspiracy was still punished the same as a substantive offense, a conspiracy to violate Section 1591 carried the same mandatory

minimum sentence.

Two years later, Congress acted to amend the penalty for a conviction for a conspiracy to violate 18 USCA § 1591(a), which is found at 18 USCA § 1594( c). This amendment changed the punishment for a conspiracy to violate Section 1591 to the punishment existing today: "imprison[ment] for any term of years..." William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub.L. No.110–457, § 222 (2008). This change effectively incorporated absolute discretion into the sentencing process for a conspiracy to violate Section 1591, removing the stricture of a statutory minimum sentence.

In short, the trafficking statute punishes a substantive violation of Section 1591 differently than a conspiracy to violate Section 1591. The former offense has a 15 year statutory minimum sentence; the latter has no statutory minimum.

The Sentencing Commission failed to modify the sentencing guidelines to reflect congressional intent to have the punishments for convictions of 1591(a) and conspiracies to violate 1591(a) be treated differently. Therefore, the Sentencing Guidelines are in conflict with the Congress' intent to punish the two offenses differently. The Sentencing Guidelines contradict the statute by punishing a substantive violation of Section 1591 and a conspiracy to violate it the same. For both, it sets the base offense level at 34 or 30 which corresponds to a Sentencing Guidelines range of about 12 to 15 years or 8 to 10 years for a defendant with a Criminal History Category of 1. (*See* U.S.S.G. ch. 5, pt. A, Sentencing Table.) For the Sentencing Guidelines to be consistent with the statute, the base offense level for a conspiracy to violate Section 1591 would need to be lower, to account for its not having a statutory minimum sentence. Such a level may be 24. That was the offense level the Sentencing Guidelines imposed

3

for conspiracies to violate Section 1591 before Congress implemented the statutory minimum sentences. *See* U.S.S.G. §§ 2G1.3, 2X1.1 (2006).

Where a conflict between Congress and the Sentence Commission exists, then the Court should give deference to Congress' intent over the Sentencing Guidelines. The only guideline section that would give deference to Congress' intent to treat a conspiracy differently is USSG §2G1.3(4) because it is the only guideline that does not specifically reference the penalty statute of conviction for violating 18 USCA § 1591(a) corresponding to a mandatory minimum sentence. It is also the guideline section that relates to the Sentence Guidelines offense level before the mandatory minimums were enacted. Therefore, Ms. Perry submits to the Court that the appropriate guideline for the base level offense is USSG §2G1.3(4) and requests the Court to adopt the parties agreement that the base level offense is 24.

With regards to paragraph 24 of the PSR, the defendant submits that she did not agree with nor was she aware of the physical assaults, threats or deprivation of food that the presentence report assigns to Mr. Eddins against L.W. Ms. Perry understands the provisions of USSG § 1B1.3(a)(1)(B) as it relates to relevant conduct in jointly undertaken criminal activity as well as the reasonably foreseeable standard used in connection with that criminal activity; however, the defendant submits to the Court that before any of the relevant conduct or a reasonably foreseeable standard can be applied, the Court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake. *See USSG § 1B1.3, App. Note 2*.

In the case at bar, Ms. Perry was a prostitute engaged in prostitution with the aid of and for the benefit of Mr. Eddins. Mr. Eddins did not display a violent or threatening disposition

4

with or towards her. He was nice and kind to her from her perception and encouraged her to continue to make money prostituting using love and kindness, not violence. Is it clear that Mr. Eddins and L.W. had some sort of understanding, communications and deals with each other that Ms. Perry was not aware of and was not privy to.

Further, Ms. Perry did not agree to engage in any assaultive or threatening activities during the course of working as a prostitute. Ms. Perry had no reason to believe that Mr. Eddins used threats toward or assaulted L.W. because that was not the behavior that he displayed towards or around her. As indicated in the PSR, when Ms. Perry met L.W. she suggested that L.W. leave "Flocka" because of the abusive behavior that "Flocka" was known to display. Ms. Perry did not condone the use of violence or threats by anyone nor did she want to be around anyone with a cocaine habit. All the alleged assaultive or threatening behavior attributed to Mr. Eddins was done outside the presence of Ms. Perry, if it happened at all. Ms. Perry submits that the enhancement pursuant to USSG § 2G1.3(b)(2) should not apply in her case.

With regards to paragraph 27, Ms. Perry submits that the victim related adjustment pursuant to USSG § 3A1.1.(b)(1) should not apply in this matter. A "vulnerable victim" is defined as a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct. *USSG § 3A1.1.(b)(1), cmt. nt. 2.* The specific offense conduct is not to be applied if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. *Id.*

First, Ms. Perry submits that if the probation officer's position is that the victim is

5

unusually vulnerable due to her age, then the age is already incorporated in the offense guidelines and the victim-related adjustment should not be applied. Next, Ms. Perry submits that if the probation officer's position is that the victim is unusually vulnerable because she was a drug user, then the victim-related adjustment should not be applied. As previously indicated, Ms. Perry did not provide cocaine to the victim. She was not aware that Mr. Eddins was providing cocaine to the victim and she was not in agreement with Mr. Eddins to provide drugs to L.W. if he did provide her with any. When Ms. Perry met the victim, she was already engaged in prostitution and she appeared to already be using cocaine. Ms. Perry strongly objected to the use of cocaine by L.W. because she struggled with a cocaine habit herself and did not want to go back down that path in life.

### CONDITIONS OF SUPERVISED RELEASE

Ms. Perry has objections to the special conditions of supervised released listed in the presentence report.

Respectfully submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

s/ Tyrone J. Paylor
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Position of Defendant With Respect To Sentencing Factors has been forwarded by electronic means via the Court's electronic filing system to Mr. Larry Laurenzi, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103.

This 9th day of July, 2014.

                                                  s/ Tyrone J. Paylor
                                                  Assistant Federal Defender